OPINION
{¶ 1} Appellant David Whipple, Sr., is the natural father of David Whipple, Jr. and Reginald Whipple. Appellant appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, awarding permanent custody of the boys to appellee Stark County Department of Job and Family Services:
 {¶ 2} "Appellant was denied his due process rights under the fifth
and fourteenth amendments to the United States Constitution when the court granted permanent custody of his children to the state without establishing he had actual notice of the permanent custody hearing.
 {¶ 3} "The trial court had no in personam jurisdiction and erred by granting the state's motion for permanent custody since appellant was not properly served with state's motion for permanent custody.
 {¶ 4} "The trial court erred in finding that the minor children cannot or should be placed with appellant within a reasonable time.
 {¶ 5} "The judgment of the trial court that the best interest of the minor child would be served by the granting of permanent custody was against the manifest weight and sufficiency of the evidence."
 {¶ 6} David Whipple, Jr. was born on August 12, 1989, and Reginald Whipple was born March 3, 1991. The natural mother of the boys is Regina Tavares.
 {¶ 7} In March of 2001, appellee filed a complaint seeking temporary custody of the boys, alleging neglect, and dependency. Temporary custody was granted to appellee. On May 31, 2001, the court dismissed the case, as a trial date could not be obtained within the ninety-day jurisdictional time limit, and allowed appellee to re-file the case. On June 4, 2001, appellee re-filed the complaint, alleging neglect and dependency, and seeking temporary custody of the children.
 {¶ 8} On August 23, 2001, Regina Tavares stipulated to dependency. After taking testimony concerning appellant, the court found the children to be dependent, and awarded temporary custody to appellee. On February 4, 2002, appellee filed for a six-month extension of temporary custody. Neither parent appeared for the review hearing. The court proceeded to an evidentiary hearing in regard to the motion to extend temporary custody on March 8, 2002. Again, neither parent appeared for the hearing. The court made findings that both parents had lost their housing, and had missed their last visit. The court extended temporary custody to September 7, 2002.
 {¶ 9} On August 1, 2002, the court reviewed the case. The court found that parental visitation had been sporadic. The court further found that both parents had completed their psychological evaluations. The children's mother had submitted to urine screens during the review period, two of which tested positive for cocaine. The court continued temporary custody.
 {¶ 10} On August 30, 2002, appellee filed a motion seeking permanent custody of the children. The case was set for hearing on October 29, 2002.
 {¶ 11} Appellee's attempts to serve appellant with notice of the hearing failed, as he had moved, and left no forwarding address. The court found that appellant was properly served by publication, although he did not appear for the permanent custody hearing. The mother of the children also failed to appear for the permanent custody hearing.
 {¶ 12} Following the hearing, the court found that the children had been in the temporary custody of appellee for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and pursuant to R.C. 2151.414(B)(1)(d), the court proceeded to the best interests portion of the hearing.
 {¶ 13} The court concluded that permanent custody was in the best interests of the children. A social worker for appellee testified that the parents had not been compliant with scheduled visitation, which negatively affects the children. She testified that the children had performed well since being placed in foster care, and have bonded with their placement. The guardian ad litem recommended that permanent custody be granted to the agency. The court therefore granted permanent custody of both David and Reginald to appellee.
 I II {¶ 14} We address appellant's first two assignments of error together, as appellant did in his brief.
 {¶ 15} Appellant first argues that appellee's attempts to serve appellant by publication were improper, as the identifying information in the publication was incorrect. The publication in the Canton Repository on September 30, 2002, included the address for the Stark County Juvenile Court as "Juvenile Court, 6th Floor, Citizens Savings Bldg., 110 Central Plaza South, Canton, OH." Appellant argues that because Citizens Savings Bank is no longer a tenant of the building and is not affiliated with the building in any way, the identifying information was incorrect. We disagree. While Citizens Savings Bank is no longer the primary tenant in the building, the address of 110 Central Plaza South, Canton, was correct, and Juvenile Court is on the Sixth Floor of the building located at that address.
 {¶ 16} Appellant next argues that the affidavit verifying publication was not timely filed. Appellant asserts that the affidavit was filed October 31, two days after the hearing. This claim is without merit. The docketing statement and the file stamp on the affidavit reflect that the affidavit was filed October 3, 2002, twenty-six days prior to the hearing.
 {¶ 17} Finally, appellant argues that the court violated his constitutional right to due process by failing to appoint counsel to represent him. The record does not reflect that appellant was indigent and therefore entitled to appointed counsel. The order of the court filed following the August 1, 2002, dispositional hearing, the last hearing for which appellant appeared, reflects that appellant was referred to the Office of the Public Defender and given the contact number. Appellant failed to appear at further hearings to inform the court as to his status concerning representation, to present evidence of indigency entitling him to representation, or to object to the failure of the court to appoint counsel.
 {¶ 18} Appellant's first and second assignments of error are overruled.
 III {¶ 19} Appellant argues that the court erred in finding that the children cannot or should not be placed with appellant within a reasonable time.
 {¶ 20} The instant motion for permanent custody was filed pursuant to R.C. 2151.414(B)(1):
 {¶ 21} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 22} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 23} "(b) The child is abandoned.
 {¶ 24} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 25} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 26} In the instant case, the court found that the children had been in the temporary custody of the agency for more than twelve out of the last twenty-two months, pursuant to R.C. 2151.414(B)(1)(d). The court therefore was not required to make a finding that the children could not be returned within a reasonable time, and proceeded directly to the best interests portion of the hearing. The court's finding that the children had been in the temporary custody of appellee for twelve of the last twenty-two months was supported by the testimony of the social worker, who testified that the children had been placed into the custody of appellee on March 8, 2001, and had been in the continuous custody of appellee since their removal.
 {¶ 27} The third assignment of error is overruled.
 IV {¶ 28} Appellant argues that the court's finding that the best interests of the children would be served by granting permanent custody was against the manifest weight of the evidence.
 {¶ 29} Pursuant to R.C. 2151.414(D), in determining the best interests of the children, the court must consider all relevant factors, including the interaction and relationship of the child with his parents, siblings, relatives, foster parents, and out of home providers; the wishes of the child, with regard for the maturity of the child; the custodial history of the child; and the child's need for a legally secure permanent placement.
 {¶ 30} The evidence reflected that the children have been placed together, and had been in their current placement since March of 2001. The children were thirteen and eleven years of age at the time of the hearing. The children were bonded to each other. The children were on track educationally, and did not suffer from any physiological, psychological, or developmental disabilities. The children have responded very well to their placement, and have a positive male mentor figure in their lives.
 {¶ 31} The guardian ad litem's report stated that David was angry at his parents for allowing the situation to reach this point, and wanted to stay in his current placement. The guardian ad litem further reported that both boys were bonded with their foster family, and recommended that permanent custody be granted to appellee. The guardian ad litem stated that inconsistent visitation was detrimental to the children.
 {¶ 32} The judgment is not against the weight of the evidence. The fourth assignment of error is overruled.
 {¶ 33} The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.
By Gwin, P.J., and Farmer, J., concur.
Edwards, J., concurs in part; dissents in part.
Topic: permanent custody — notice — manifest weight.